UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| FREDERICK LEE IRONS, | ) | CASE NO.  4:12 CV1516 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |


Before the Court is *pro se* Petitioner Frederick Lee Irons's above-captioned petition for a writ

of habeas corpus pursuant 28 U.S.C. §2241.  Irons, who is being held in the Federal Correctional

Institution in Elkton, Ohio ("FCI Elkton"), names FCI. Elkton Warden Robert Farley as respondent.

He seeks an order directing the respondent to immediately release him from custody.  (Pet. at 9.)  For

the reasons set forth below, the petition is denied.

*Background*

Irons was indicted in the United States District Court for the Southern District of Illinois in

1999.  *See United States v. Johnson, et al.*, No. 3:99-cr-30022 (S.D. Ill. filed Feb. 23,1999).[1] He was

charged with, *inter alia*, conspiracy to possess with intent to distribute, "a mixture and substance

containing a cocaine base, commonly called 'crack cocaine'" in violation of 21 U.S.C. § 846 and

---

[1]To accurately address the procedural history in this case, details of Irons's criminal case
were garnered from the Public Access to Court Electronic Records (PACER) system.  *See C.B. v.
Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D.Cal.2009) (court "may take judicial notice of
matters of public record, including duly recorded documents, and court records available to the
public through the PACER system via the internet.")

841(a)(1). *Id.* On June 22, 1999, Irons entered a guilty plea to Counts 1, 2 and 3 of the indictment. For each count, the court sentenced him on November 5, 1999 to serve a total term of 240 months imprisonment. *Id.* (Doc. No. 408)

A Notice of Appeal was filed by counsel on behalf of Irons on November 15, 1999. The Seventh Circuit Court of Appeals affirmed the district court's judgment in a mandate issued on April 5, 2001. *United States v. Irons*, 5 Fed. Appx. 516 (7th Cir. 2001).

On July 8, 2002, Irons filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See Irons v. United States*, No. 3:02-CV-724 (S.D. Ill.). The district addressed the following allegations:

> (1) that his plea was involuntary and unknowing, (2) counsel was ineffective when he failed to object to the scope of Petitioner's involvement in the drug conspiracy, (3) counsel was ineffective when he failed to advise Petitioner of the legal difference between crack cocaine and cocaine base, and then allowed him to plead guilty without proof that the drugs involved were in fact crack cocaine, (4) counsel was ineffective when he failed to call certain witnesses to testify at sentencing, (5) the 5 year supervised release term violates the rule of law announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (6) appellate counsel was ineffective when he failed to argue *Apprendi* on direct appeal, (7), he was denied the right to confront the witnesses against him at sentencing, and (8) the government committed fraud when it used false statements in order to indict and then convict Petitioner.

*Id.* (Doc. No. 21). The court denied Irons's § 2255 motion on March 29, 2004. *Id*. On appeal to the Seventh Circuit, Irons's request for a certificate of appealability (COA) was denied. *Irons v. United States*, No. 04-3387 (7th Cir. Apr. 7, 2005).[2]

In 2008, Irons filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine contending he was entitled to relief from the sentence imposed by the court under *United*

---

[2]Irons filed numerous post judgment motions in this action, however, it is not relevant to recount every pleading with which he flooded the District Court of Illinois.

*States v. Booker*, 543 U.S. 220 (2005). *Johnson*, No. 3:99cr30022 (Doc. No. 564.) The court issued a Show Cause order directing the United States to respond to Irons's petition. An attorney filed an appearance on behalf of Irons, but moved to withdraw on the same date. *Id*. (Doc. Nos. 643 & 644.) The court permitted Irons an extension of time to oppose the attorney's motion, which he did on October 4, 2010. The court granted counsel's motion to withdraw on October 29, 2010 and dismissed Irons's Motion for Retroactive Application as a second or successive petition for which he did not obtain a COA from the Seventh Circuit. (Doc. Nos. 649 & 651.) Irons filed a timely appeal to the Seventh Circuit, which affirmed the district court's decision on April 18, 2011. *Irons*, No.10-3648 (7th Cir. 2011).

Almost one month after the Seventh Circuit denied his appeal, Irons filed a Motion to Amend/Correct Record. *Johnson*, No. 3:99cr30022 (Doc. No. 666.) The Motion was denied as moot. *Id.* (Doc. No. 668.) Irons, however, appealed that decision to the Seventh Circuit on July 21, 2011. *Id.* (Doc. No. 669.) On October 31, 2011, Irons filed another Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine. *Id.* (Doc. No. 686.) A Federal Public Defender for the Southern District of Illinois was appointed to represent Irons.[3] *Id*. (Doc. Nos. 687 and 697.)

On January 27, 2012, the Seventh Circuit denied Irons's request for a COA regarding the district court's denial of his Motion to Amend. On April 24, 2012, Irons filed a third Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine. *Id.* (Doc. No. 699.) The district court denied both Motions for Retroactive Application on May 25, 2012. *Id.* (Doc. No. 705.)

---

[3]After Irons filed a Notice of Conflict, the trial court issued an order directing the Federal Public Defender for the Easter District of Missouri to represent Irons.

Irons filed a Notice of Appeal to the Seventh Circuit on June 8, 2012, and that appeal is still pending. *Id*. (Doc. No. 708.)

In his petition before this Court, Irons argues he is entitled to re-sentencing in light of the Supreme Court's decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011). In *DePierre* the Supreme Court held that the term "cocaine base" did not refer to "crack cocaine" exclusively, but included cocaine in its basic chemical form. Irons acknowledges that "[t]his decision did not change the law it merely explained what cocaine base in § 841(b)(1) had meant ever since the statute was enacted." (Pet. at 7.) He argues, however, that once the government chose to increase "the statutory maximum under § 841(b)(1) based on drug type," the Supreme Court issued an intervening change in the law in *Apprendi* that required that "the kind of controlled substance had to treated as an element of the offense to be determined by a jury." (Pet. at 7-8.) As such, Irons claims that, at the time he entered his guilty plea, no one understood that "the essential element, 'cocaine base' refered [sic] in 21 U.S.C. §841(b)(1)(iii) was not confined to crack cocaine." (Pet. at 8.) Irons maintains the charge against him for possessing "an indeterminate amount of cocaine base is conduct that Congress has not made criminal." (Pet. at 9.) Relying on the Supreme Court's holding in *Bousley v. United*, Irons argues that the record reveals no party understood the essential elements of the crime when he entered his guilty plea, therefore the plea is invalid. Irons concludes that after *DePierre*, the indictment under which he was charged violated the Fifth Amendment's due process clause because it failed to specify the type of cocaine base he conspired to distribute.

Irons also argues the Bureau of Prisons (BOP) is improperly executing his sentence. Specifically, he claims he was convicted of a Class C drug offense, but the trial court "pre-calculated the sentence as if it were a Class A drug conviction." (Pet.'s App. H, "Inmate Req. Staff.") To meet

4

its obligations under *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir 1992),[4]Warden J.T. Shartle sent two letters to the United States Probation Office seeking clarification.[5]  In both responses, Supervising Probation Officer Jon Gobert explained that Irons's sentence did not exceed the statutory maximum for §841(b)(1)(C), in compliance with *Apprendi*. (Letter from Gobert to Shartle of 7/19/10.)  Moreover, he concluded the sentence imposed was "legal in all aspects and the information in the presentence report did not adversely impact the sentence imposed." (Letter from Gobert to Shartle of 6/30/11).

Irons continued to appeal his request through the BOP's administrative procedures. He requested the BOP file a motion in the sentencing court, pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting the trial court  "correct" the Judgment and Commitment (J&C) issued on November 5, 1999.  On January 17, 2012, the National Inmate Appeals Administrator, Harrell Watts denied his final administrative request.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct.  22, 2002).  A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.   The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906

---

[4]In *Sellers*, the Circuit Court of Appeals for the District of Columbia held that the BOP is obligated to keep accurate records and, accordingly, verify the accuracy of information or cease using that information.

[5]J. T. Shartle was warden at  the F.C.I. Elkton during this period.

(1970)(citations omitted). Irons has not met his burden.

*28 U.S.C. § 2241*

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

A prisoner's proper custodian, for habeas review, is the warden of the facility where he is being held.  *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained.)  Irons has properly identified his custodian, Warden Farley, as the Respondent.  Thus, he has properly filed his petition in this Court, which has personal jurisdiction over his custodian.

*Challenges to Execution of Sentence*

After a district court sentences a federal offender, it is the Attorney General, through the BOP, who has the responsibility for administering the sentence.  *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.").  The scope of the BOP's authority is administrative and it can only adjust a term of imprisonment based on credits earned while incarcerated.  *See United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons.")

6

Here, Irons argues the sentence set forth in his J&C is incorrect.  His use of the word "incorrect," however, is a misnomer.  The alleged correction he seeks to make would shorten the length of his prison term, thus altering the sentence imposed by the trial court.  Therefore, this is not an issue regarding the manner in which the BOP is executing his court imposed sentence.  The relief he seeks, a change in the length of his sentence, is not within the scope of the BOP's authority. When a federal prisoner seeks to adjust his sentence he must file a Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255(a) in the trial court.  *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979).

It is worth noting that Irons filed a Motion to Correct Errors of Oversight and Omission in the trial court on May 13, 2011.  *Johnson*, No.3:99cr30022 (Doc. No. 666.)  Before denying the motion, the trial court made the following observation:

> Although defendant claims this motion is to amend clerical errors pursuant to Federal Rule of Criminal Procedure 36 and "is not an attempt to have this Court change the sentence it imposed" (Doc. 666 p. 5), defendant simultaneously argues there was an error in the base level offense found in paragraph 39 of the Presentence Investigation Report (Doc. 666 pp. 1-2). An error in the computation of a base level offense is not a clerical error; it is, at heart, an argument to correct or alter a sentence.

*Id.*  (Doc. No. 668.)  It is apparent Irons simply chose to repackage this claim in a petition over which this Court has personal jurisdiction.  For the reasons outlined above, however, this Court lacks subject matter jurisdiction over his request to adjust the sentence imposed by the trial court.

*No Right to § 2255's Safety Valve Provision*

Claims asserted by federal prisoners who seek to challenge their convictions or imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir.1992); *Cohen*, 593 F.2d at 770.  The statute does provide an exception under extraordinary

7

circumstances when an innocent man or woman would be denied the opportunity to challenge a conviction that is no longer valid, as a matter of law. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir.2004). The exception does not exist, however, for those prisoners who do not pursue an earlier opportunity to correct a fundamental defect in their conviction under pre-existing law, or who did assert the claim in a prior § 2255 motion but were denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999).

Irons's petition does not present an extraordinary circumstance. Unlike *Bailey,* when the Supreme Court narrowed the definition of "using" under the relevant statute, the Supreme Court in *DePierre* refused to limit the scope of Section 841(b)(1) to "crack" cocaine. Instead, the Court explicitly reaffirmed its broad application to all forms of "cocaine base." *DePierre*, 131 S.Ct. at 2232. Thus, unlike *Bailey*, *DePierre* did not create a class of prisoners who "found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law." *Lott*, 105 F. App'x at 15.

Irons's attempt to rely on *DePierre* through *Apprendi* does not present a claim for which this Court can grant habeas relief. A federal prisoner may only bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g.,*

*Charles*, 180 F.3d at 756.  Furthermore, a § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.  *See In re Davenport*, 147 F.3d 605, 608 (7ᵗʰ Cir.1998).

The fact that Irons unsuccessfully attempted to advance his *Apprendi* argument in the 69-page motion to vacate he filed in the trial court does not entitle him to simply file the same argument in another venue.  The number of opportunities for Irons to challenge his conviction and sentence are countless.[6] Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Although the Sixth Circuit has not addressed this issue on appeal from a federal habeas petition, there are two federal appellate courts that have addressed it and have both held that claims predicated upon *DePierre* are not cognizable in habeas petitions filed under Section 2241 for each of these reasons. *Wilson v. United States*, 475 F. App'x 530 (5th Cir. 2012) ("*DePierre* did not decriminalize [petitioner]'s criminal conduct and has not been held to be retroactively applicable."); *Fields v. Warden, FCC Coleman-USP 1*, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012)

---

[6]Irons claims that, shortly after *DePierre* was decided, the trial court issued an opinion that included an order prohibiting him from "from filing any more motions attacking either his conviction or his sentence in this matter. If defendant chooses to disregard this order in the future, further sanctions—including monetary sanctions—will be imposed." *Id*. (Doc. No. 668, at 5). In spite of the court's order, Irons managed to file two additional Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense in the trial court.  It is apparent he did not feel constrained from filing motions in the trial court, despite the court's directive.

("[Petitioner] has not shown that *DePierre* [ ][is] retroactive ...")  Accordingly, Irons has failed to establish that his remedy under Section 2255 was either inadequate or ineffective to challenge his detention.

### Conclusion

Irons's Motion to Proceed *in forma pauperis* is granted and the Petition is denied pursuant 28 U.S.C. § 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ John R. Adams*     2/20/2013
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

10